IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| KIDS2, LLC, a Georgia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CARTER'S, INC., a Delaware corporation, THE WILLIAM CARTER CO., a Massachusetts corporation, CARTER'S RETAIL, INC., a Delaware corporation, and SKIP HOP, INC., a New York corporation,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. 25-1223 |

Kids2, LLC ("Kids2") hereby alleges and complains against Carter's, Inc., The William Carter Company, Carter's Retail, Inc., and Skip Hop, Inc. (collectively, "Defendants") as follows.

**NATURE OF THE ACTION**

1. Kids2 brings this action for patent infringement to seek remedies for Defendants' infringement of the claims of Kids2's patent covering a children's exercise apparatus.

2. Specifically, Defendants have infringed, and continue to infringe, the claims of U.S. Patent No. 7,740,560 (the "'560 Patent" or the "Asserted Patent") (attached as **Exhibit A**). As explained in detail below, Defendants have infringed (both directly and/or indirectly, as well as literally and/or by equivalents), and continue to infringe the claims of the '560 Patent by making, using, importing, selling, and/or offering for sale the Skip Hop Silver Lining Cloud, the Skip Hop Explore & More 3-stage activity center[1], the Discoverosity Montessori Skip Hop line of products,[2]

---

[1] Carter's "Activity Center" products are the subject of another patent lawsuit in this District that Carter's is actively litigating. *See Oribel Pte Ltd. v. Carter's, Inc., et al.*, No. 2:24-cv-00977-JRG.
[2] https://www.carter's.com/b/skiphop

1

and any substantially similar products (the "Accused Products") within the United States and/or by contributing to or inducing such infringement.

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

## THE PARTIES

4. Kids2 is a Georgia limited liability company with its principal place of business at 3333 Piedmont Road, Suite 1800, Atlanta, GA 30305.

5. Kids2 is a leading provider of solutions for parents and growing families, and designs and manufactures a variety of innovative products for children and their caretakers. Kids2 has developed innovative and award-winning designs and inventions for over 50 years. Kids2 product brands include Baby Einstein®, Bright Starts®, Ingenuity®, Summer® by Ingenuity®, and SwaddleMe® by Ingenuity®.

6. Upon information and belief, Defendant Carter's, Inc. is a Delaware corporation with its corporate headquarters at 3438 Peachtree Road N.E., Suite 1800, Atlanta, Georgia 30326.

7. Upon information and belief, Defendant The William Carter Company ("WCC") is a Massachusetts corporation with its principal place of business at 3438 Peachtree Road N.E., Suite 1800, Atlanta, Georgia 30326.

8. Upon information and belief, Defendant Carter's Retail, Inc. ("CRI") is a Delaware corporation with its principal place of business at 3438 Peachtree Road N.E., Suite 1800, Atlanta, Georgia 30326

9. Upon information and belief, Defendant Skip Hop, Inc. ("Skip Hop") is a New York corporation with its principal place of business at 3438 Peachtree Road N.E., Suite 1800, Atlanta, Georgia 30326.

10. The Defendants, including Skip Hop, are all alter egos of one another and of the Carter's, Inc. family of brands. For example, the New York Division of Corporations website shows that CRI is the agent of Skip Hop for service of process purposes and that the 3438 Peachtree Rd. address is the address of both CRI and Skip Hop. Further, the Massachusetts Secretary of the Commonwealth website shows that WCC is also located at the 3438 Peachtree Rd. address, shares the same CEO as CRI and Skip Hop, and merged with several Carter's-related entities throughout the 1980s and 1990s.

11. In February 2017, Carter's, Inc. acquired the Skip Hop brand and Skip Hop Holdings. Since that time, Carter's, Inc. has operated Skip Hop as a wholly-owned brand, subsumed within the Carter's, Inc. corporate structure.[3]

12. Based on the foregoing, Defendants are alter egos of one another and are jointly and severally liable for the actions complained of herein.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) at least because this action arises under the patent laws of the United States, including 35 U.S.C. § 271.

14. This Court has personal jurisdiction over Defendants at least because Defendants have committed acts of patent infringement and/or have induced and/or contributed to acts of patent infringement in this judicial district and the State of Texas, and continue to do so willfully and without authorization by making, using, offering for sale, selling, or importing the Accused

---

[3] The Skip Hop website (www.skiphop.com) demonstrates that it is a brand within the Carter's umbrella. The Skip Hop webpage is copyrighted by Carter's, Inc., has a button directing users to "return to carter's," and has a statement explaining that "Skip Hop joined the Carter's family of brands in 2017."

Products that infringe the Asserted Patent. Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas by owning real estate in Texas, recruiting Texas residents for employment, selling products into the State of Texas, and advertising in the State of Texas. Kids2's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas, including by virtue of Defendants' selling or offering for sale products that infringe the claims of the Asserted Patent in the State of Texas.

15. Venue is proper in this district pursuant to 35 U.S.C. § 1400(b) because Defendants have multiple regular and established places of business in this district and Defendants have committed acts of infringement within this district by, at least, selling infringing products into this district. For example, Defendants maintain regular and established places of business[4] at:

- 3900 Town Center Dr., Sherman, TX 75092
- 3092 N. Eastman Rd., Longview, TX 75605
- 8946 South Broadway, Ste. 104, Tyler, TX 75703
- 238 Richmond Ranch Rd., Texarkana, TX 75503
- 4909 West Park Boulevard, Ste. 101, Plano, TX 75093
- 5882 Eastex Freeway, Beaumont, TX 77708
- 820 W. Stacy Rd., Ste. 414, Allen, TX 75013
- 3333 Preston Rd., Frisco, TX 75034
- 931 S. Preston Rd., Prosper, TX 75078

16. Defendants sell the Accused Products at each of the above places of business, thus committing acts of infringement within this district.

---

[4] https://www.carters.com/find-a-store

## BACKGROUND

17. Kids2 is in the business of providing an interconnected ecosystem of top-of-the-line children's products, content, technology, community, and more. Kids2 has been in business for over fifty years, designing and innovating high-quality products that yield the best results for consumers and, most importantly, their children.

18. As a result of Kids2's innovation, it has redefined the children's product market with products such as the Bounce Bounce Baby 2-in-1 Activity Center Jumper & Table[5] and the Spring & Sprout 2-in-1 Baby Activity Center Jumper:[6]



19. Kids2 has ensured to protect these innovative technologies with its patent portfolio, including the '560 Patent.

---

[5] https://www.kids2.com/products/11565-000-bright-starts-bouncebouncebaby-2in1-activity-jumper-table-playful-pond
[6] https://www.kids2.com/products/12903-000-ingenuity-spring-sprout-2in1-activity-center-jumper

20. Kids2 maintains a list of its patents on its website at https://www.kids2.com/pages/patents. Kids2 marks its products—including the Bounce Bounce Baby 2-in-1 Activity Center Jumper & Table and the Spring & Sprout 2-in-1 Baby Activity Center—in conformance with 35 U.S.C. § 287(a) such that consumers are directed to the website listing the patents covering each Kids2 product.

21. On June 22, 2010, the United States Patent and Trademark Office duly and lawfully issued the '560 Patent entitled Stationary Child Exercise Apparatus With Bouncing Pad. A true and correct copy of the '560 Patent is attached as Exhibit A.

22. Kids2 owns all rights, title, and interest in the '560 Patent, including the right to make, use, sell, offer for sale, and import products that practice the claims of the '560 Patent. Kids2 possesses the exclusive right and standing to prosecute actions for infringement of the '560 Patent.

23. Defendants have no license or authorization to practice the technology of the '560 Patent.

24. Defendants are a direct competitor of Kids2 and make, use, sell, and offer to sell children's exercise equipment, such as the Accused Products, that directly compete with Kids2's own product offerings.

25. Upon information and belief, Defendants' patent infringement has been willful and deliberate. Defendants have been aware of the '560 Patent by, at latest, February 2019. The '560 Patent was cited during the prosecution of United States Design Patent No. D896,356—a patent that was applied for and is currently assigned to Skip Hop.

26. For example, Defendants make, use, sell, offer for sale, and/or import into the United States the Skip Hop Silver Lining Cloud,[7] the Skip Hop Explore & More 3-Stage Activity

---

[7] https://www.carters.com/p/silver-lining-cloud-baby-s-view-3-stage-activity-center/V_303326

Center,[8] and the Discoverosity Montessori Skip Hop.[9] These Accused Products practice at least claim 1 of the '560 Patent, as shown below:

| Claim 1 of the '560 Patent | Accused Product Infringement[10] |
|---|---|
| A children's exercise apparatus for providing exercise functionality for a small child, said apparatus comprising: | As shown above, the Skip Hop Silver Lining Cloud product is a children's exercise apparatus for a small child. The Skip Hop website indicates that the product is designed for babies and toddlers and refers to the product as a "gym." |

---

[8] https://www.carters.com/p/explore-and-more-baby-s-view-3-stage-activity-center/V_303325
[9] https://www.carters.com/p/discoverosity-montessori-inspired-3-stage-activity-center-and-play-table/V_9O297010
[10] The Skip Hop Silver Lining Cloud product is charted as representative of all Accused Products for Claim 1 of the '560 Patent.

| | |
|---|---|
| one or more legs supported on a floor; | <br>As shown above, the Skip Hop Silver Lining Cloud product contains four legs that are supported on a floor. |
| a seat rigidly and directly supported by the legs and being structured to support the child while allowing the child's legs to extend downwardly below the seat; and | <br>As shown above, the Skip Hop Silver Lining Cloud contains a seat that supports the child while also allowing the child's legs to extend downwardly below the seat. The seat is directly supported by the four legs that are supported on the floor. The Skip Hop website describes the product as allowing the child to "[s]it, swivel, bounce & play" as well as containing a "rotating seat." Thus, the product has a seat structured to support the child, whose legs extend downwardly below it. |

| | |
|---|---|
| a resilient support surface suspended generally horizontally from at least one of the legs and positioned vertically between the seat and the floor, said resilient support surface having a resiliency that is adapted for allowing the child to bounce vertically by pushing its legs downwardly against the resilient support surface. | <br>As shown above, the Skip Hop Silver Lining Cloud contains a support surface suspended horizontally from the four legs and positioned between the seat and the floor. The Skip Hop website describes the support surface as a "foot support platform" that allows the child to "bounce & play" and states that the device is "for bouncing" (among other things). Further, the specifications on the website describe the product as a "Baby Bouncer" and the instructions manual demonstrates how the child's foot should interact with the platform to properly bounce. Thus, the support surface has a resiliency that is adapted to allow the child to bounce against it. |

## COUNT I

### Infringement of U.S. Patent No. 7,740,560 – 35 U.S.C. §271, *et seq.*

27. Kids 2 repeats and realleges the allegations set forth above as if fully restated herein.

28. The '560 Patent issued on June 22, 2010. Kids2 is the owner by assignment of all rights, title, and interest in the '560 Patent. The '560 Patent is valid and enforceable, and Kids2 has not licensed Defendants to practice the technology taught by the '560 Patent.

29. Defendants make, use, sell, offer to sell, and/or import into the United States the Accused Products by offering the Accused Products for sale directly to potential buyers both online and through its physical stores.

30. Defendants also make, use, sell, offer to sell, and/or import into the United States a collection of the Accused Products from and through other retailers, such as Target and Walmart.

31. The Accused Products compete directly with Kids2's products, are sold at the same retailers as Kids2's products, and closely imitate the technology of the '560 Patent.

32. The Accused Products infringe literally or under the doctrine of equivalents at least claim 1 of the '560 Patent, in violation of 35 U.S.C. §§ 271, *et seq*.

33. The Accused Products are each a children's exercise apparatus for providing exercise functionality for a small child, comprising: (1) one or more legs supported on a floor; (2) a seat rigidly and directly supported by the legs and being structured to support the child while allowing the child's legs to extend downwardly below the seat; and (3) a resilient support surface suspended generally horizontally from at least one of the legs and positioned vertically between the seat and the floor, said resilient support surface having a resiliency that is adapted for allowing the child to bounce vertically by pushing its legs downwardly against the resilient support surface.

34. Defendants have been infringing – directly, contributorily, and by inducement – the claims of the '560 Patent in the United States, including in this judicial district.

35. On information and belief, Defendants have been aware of the '560 Patent by, at latest, February 2019. The '560 Patent was cited during the prosecution of United States Design Patent No. D896,356—a patent that was applied for and is currently assigned to Skip Hop. Thus, Defendants' infringement has been willful.

36. Kids2 has been damaged by Defendants' infringement of the '560 Patent and will continue to be damaged unless Defendants are enjoined by this Court. Kids2 has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. For example, Kids2's business interests and goodwill have been harmed and continue to be harmed by Defendants' infringement. The balance of hardships favors Kids2, and public interests would also be served by an injunction.

37. By reason of the foregoing, Kids2 is entitled to relief against Defendants pursuant to, at least, 35 U.S.C. §§ 283-85.

## PRAYER FOR RELIEF

Wherefore, Kids2 prays for judgment against Defendants as follows:

a. that Defendants have directly infringed, indirectly infringed, induced others to infringe, and/or contributed to others' infringement of one or more claims of the Asserted Patent;

b. that Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, be permanently enjoined from further acts of

        infringement, inducing infringement, and/or contributing to infringement of the claims of the Asserted Patent;

c.     that Defendants provide an accounting of all their sales, revenues, and profits subject to Kids2's cause of action;

d.     that Defendants are liable to Kids2 for an award of actual damages sustained as a result of Defendants' infringement of the Asserted Patent in an amount to be determined at trial, including enhanced damages, treble damages, and disgorgement of profits;

e.     that Kids2 be awarded pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.     that this case is an exceptional case under 35 U.S.C. § 285 such that Kids2 be awarded reasonable attorneys' fees and litigation costs incurred in bringing this action;

g.     that Defendants pay Kids2 a compulsory, ongoing future royalty; and

h.     any and all other and further relief as the Court finds just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kids2 hereby demands a trial by jury for all issues so triable.

Dated: December 17, 2025

        Respectfully submitted,

        */s/ J. Michael Thomas*
J. Michael Thomas (Texas Bar No. 24066812)
Foley & Lardner
2021 McKinney Ave, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facscimile: (214) 999-4667
jmthomas@foley.com

Andy Tindel (Texas Bar No. 20054500)
MT$^2$ Law Group
Mann | Tindel | Thompson
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facscimile: (903) 596-0909
atindel@andytindel.com

David R. Wright
Utah Bar No. 05164
Alexis K. Juergens
Utah Bar No. 16861
Nicholas D. Sauer (*pro hac vice forthcoming*)
Foley & Lardner
95 S. State Street, Suite 2500
Salt Lake City, Utah 84111
Telephone: (801) 401-8900
Facscimile: (801) 799-7576
drwright@foley.com
ajuergens@foley.com
nick.sauer@foley.com